UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIM WILLIAMS,

        *Plaintiff,*                  CASE NO. 2:21-cv-12534

*v.*                                HON. MARK A. GOLDSMITH
                                DISTRICT JUDGE
CORIZON, JANET NIXON,           HON. PATRICIA T. MORRIS
TERI MASSEY, and               MAGISTRATE JUDGE
 WOLOWEIC,[1]

        *Defendants.*
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS JANET NIXON AND KATHLEEN WOLOWIEC'S MOTION FOR SUMMARY JUDGMENT ON THE BASIS OF EXHAUSTION (ECF No. 16)

**I.**    **RECOMMENDATION**

    For the following reasons, **I RECOMMEND** that this Court **GRANT** Defendants Janet Nixon and Kathleen Wolowiec's motion for summary judgment on the basis of exhaustion, dismissing all claims against them **WITHOUT PREJUDICE.** (ECF No. 16).

**II.**    **REPORT**

    **A.**    **Procedural and Factual Background**

    On October 22, 2021, Plaintiff Jim Williams, a Michigan Department of Corrections ("MDOC") inmate then housed at the Thumb Correctional Facility ("TCF") in Lapeer, Michigan, filed suit in this Court under 42 U.S.C. § 1983, alleging violations of the Eighth

---

[1] The Court recognizes that "Wolowiec" is actually "Kathleen Wolowiec" as indicated in the present motion.

Amendment related to his care for rheumatoid arthritis and diabetes. (ECF No. 1, PageID.1-3). Plaintiff alleges that Wolowiec, an R.N., failed to provide him with the medication recommended by an off-site specialist. (*Id*. at PageID.5). He alleges that although Nixon, the Health Unit Manager, scheduled the off-site consultative evaluation, she declined to provide him the medication recommended by the outside specialist. (*Id*. at PageID.5-6). He alleges that Wolowiec and Nixon's failure to provide him with efficacious treatment and instead, administering medication detrimental to his condition, led to infections of the leg. (*Id*.).

Plaintiff seeks monetary damages and injunctive relief including enjoining Defendants from moving him to another MDOC facility and the "terminating" of each Defendant "from working for [C]orizon or the MDOC." (*Id*. at PageID.14).

**B.      Summary Judgment Standard**

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at

587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Woodford*, 548 U.S. at 90.

4

MDOC Policy Directive ("P.D.") 03.02.130, effective March 18, 2019, prescribes the three-step administrative exhaustion process for grievable matters. At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ Q. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ S provides:

> The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

(underscore in original).

Wolowiac and Nixon argue that Plaintiff failed to exhaust any of the claims against them. (ECF No. 16, PageID.177, 183-184). They acknowledge that Step I of Grievance Identifier TCF-20-11-0874-28e ("TCF-874") sets forth Plaintiff's claims that the medication administered by healthcare staff caused a leg infection. (ECF No. 16, PageID.183) *see* (ECF No. 16-3, PageID.205-206). However, they contend first that TCF-874 was rejected at Step III for untimeliness, noting that while the Step III appeal was due on February 22, 2021, the appeal was not received until March 2, 2021. (ECF No. 16, PageID.183). Second, they

argue that Plaintiff failed to name either Nixon or Wolowiec in the Step I grievance submission as required by P.D. 03.02.130, ¶ S.

In response to Defendants' first argument, Plaintiff states he timely filed his grievance appeals at both Step II and Step III and that "the failure to review [them] in a timely fashion falls squarely on the shoulders of the MDOC . . ." (ECF No. 18, PageID.225-226). In reply, Defendants concede "a question of fact" exists "as to why [Plaintiff's] Step III submission was not received by the Step III office until March 2, 2021." (ECF No. 20, PageID.236). They point out however, that the response did not challenge their second argument that dismissal is appropriate because Plaintiff failed to name either of them at Step I. (*Id*.).

In a sur-reply, Plaintiff alleges that Wolowiec and Nixon's failure to follow the consultative specialist's recommendations demonstrated their "apathy" to his medical needs. (ECF No. 22, PageID.255). Plaintiff appears to address his failure to name either Defendant at Step I by arguing that "a state cannot be said to have a federal due process obligation to follow all of the [state's] procedures as such a system would result in the constitutionalizing of every state." (*Id*.). In response, Defendants note that the sur-reply does not address Plaintiff's failure to name either of them at Step I of the grievance. (ECF No. 24, PageID.268). Defendants dispute Plaintiff's implied argument that the exhaustion of administrative remedies is not required before filing suit, citing *Porter, supra,* 534 U.S. at 523; "'The plain language of the [PLRA] makes exhaustion a precondition to filing an action in federal court.'" (*Id*.).

While Plaintiff's Step I submission in TCF-874 names three other health care providers involved in the events leading to the leg infection, it fails to name either Wolowiec or Nixon as required by P.D. 03.02.130, ¶ S.  (ECF No. 16-3, PageID.205-206).  Nor does the Step I submission identify either Defendant by description or title sufficient "to allow easy identification of the individuals being grieved."  *Burton v. Kakani*, No. 09-10893, 2009 WL 3101046, at *3 (E.D. Mich. Sept. 23, 2009) (Identification by titles "P.A." and "Doctor" adequately identified subjects of grievance where "[d]efendants have not alleged that any PA or doctor, other than [d]efendants, were assigned to the prison at the time.").  Here, while Plaintiff includes three other health care providers by name, the submission cannot be construed to identify either of the current Defendants in any manner.

Moreover, the fact that Nixon responded to the Step I grievance does not serve to place her on notice that she was the subject of a grievance. (ECF No. 16-3, PageID.205). *Martin v. Harvey*, 14 F. App'x 307, 309, 2001 WL 669983, at *2 (6th Cir. 2001) (Defendant "properly dismissed" where his "only involvement was the denial of the appeal of the grievance. The denial of the grievance is not the same as the denial of a request to receive medical care.").  Defendants aptly note that "Nixon's involvement as the Step I reviewer . . . underscores the fact that she is not a subject being grieved or involved in the subject matter of the grievance." (ECF No. 16, PageID.184).  If Plaintiff believed that Nixon's Step I grievance review violated his rights or was otherwise deficient, he was free to file a grievance against her on that basis.  Significantly, Plaintiff does not allege that he was thwarted from filing additional grievances or that the MDOC's grievance procedure was unavailable to him.

Further, Plaintiff's implied argument that he was not required to exhaust his administrative remedies before filing suit is without merit. *See Reed–Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation in the process."); *see also Alexander v. Jackson*, 440 F. Supp. 2d 682, 685 (E.D. Mich. 2006) ("To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts complained of. If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted.") (citing *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001)).

Because Plaintiff has not exhausted his administrative claims against either Wolowiec or Nixon, and it is without dispute that he was required to do so before filing suit, dismissal of the claims against these Defendants without prejudice is appropriate. *See Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006) ("[T]he appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice.").

### E.    Conclusion

For these reasons, **I RECOMMEND** that this Court **GRANT** Defendants Janet Nixon and Kathleen Wolowiec's motion for summary judgment on the basis of exhaustion, dismissing claims against them **WITHOUT PREJUDICE**.  (ECF No. 16).

### III.   REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).   Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this R&R to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).   The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  August 9, 2022                    S/ PATRICIA T. MORRIS
                                         Patricia T. Morris
                                         United States Magistrate Judge