UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIM WILLIAMS,

    *Plaintiff,*

v.

Case No. 2:21-cv-12534
District Judge Mark A. Goldsmith
Magistrate Judge Patricia T. Morris

CORIZON, JANET NIXON, NP TERI
MASSEY, and KATHLEEN WOLOWIEC,

    *Defendants.*

_____/

## ORDER
## ADMINISTRATIVELY STAYING PROCEEDINGS AS TO DEFENDANT CORIZON DUE TO BANKRUPTCY FILING

Jim Williams brought this prisoner civil rights action against Corizon Health, a healthcare provider formerly contracted by the MDOC. Williams's complaint also names Teri Massey, a Corizon employee, and two employees of the MDOC. On February 20, 2023, Corizon filed a Suggestion of Bankruptcy and Notice of Automatic Stay. (ECF No. 34). In the Notice, Corizon states that it filed a voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (*Id.*; *see also In re Tehum Care Serv's, Inc.*, Case No. 23-90086, ECF No. 1 (Bankr. S.D. Tex. Feb. 13, 2023)).

1

Under 11 U.S.C. § 362(a)(1), the filing of a bankruptcy petition automatically stays any "judicial . . . action or proceeding against the debtor that was or could have been commenced before the" petition was filed. While district courts and bankruptcy courts hold concurrent jurisdiction to determine the scope of an automatic stay, only the bankruptcy court may grant relief from the stay. *In re Wohleber*, 596 B.R. 554, 571 (B.A.P. 6th Cir. 2019); *see also Dominic's Rest., v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012). Williams's claims against Corizon fall squarely within the ambit of § 362(a)(1), and no exception to the automatic stay under § 362(b) applies here. Accordingly, Corizon's petition stayed all claims against it in this matter.

However, the automatic stay does not apply to any other defendant in this case. Section "362(a)(1) does not automatically give rise to a general stay of creditors' rights to pursue nondebtor codefendants, even those with some relationship to the debtor." *In re Johnson*, 548 B.R. 770, 787 (Bankr. S.D. Ohio. 2016) (citing *Lynch v. Johns–Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir.1983)); *see also Am. Imaging Servs., Inc. v. Eagle–Picher Indus., Inc.*, 963 F.2d 855, 861 (6th Cir. 1992). Although bankruptcy courts may extend the automatic stay to nondebtors under "unusual circumstances," bankruptcy courts must do so by entering an injunction under § 105(a) of the Bankruptcy Code—claims against nondebtor parties are never "automatically" stayed when a debtor files a bankruptcy petition. *In re Johnson*, 548 B.R. at 788 (citing *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993)).

Although the Bankruptcy Court has already issued an injunction under § 105(a), that injunction does not apply to this action. (*See In re Tehum Care Serv's Inc.*, Case No. 2390086, ECF No. 118). Should the Bankruptcy Court extend the stay to cover Massey or any other defendant in this action, then the affected party may raise that issue by motion. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 909–912 (6th Cir. 1993) (holding that actions taken in violation of a bankruptcy stay are voidable on motion rather than automatically void).

Accordingly, this action is **ADMINISTRATIVELY STAYED** as to Corizon. The stay does not otherwise impact these proceedings. If the bankruptcy proceedings are terminated or the automatic stay is lifted with reference to the instant matter by the bankruptcy court, then the stay may be lifted upon the motion of any party.

**SO ORDERED.**

Review of this order is governed by 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and E.D. Mich. LR 72.1(d).

Date: March 15, 2023                            S/ PATRICIA T. MORRIS
                                                Patricia T. Morris
                                                United States Magistrate Judge

3