UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIM WILLIAMS,

        Plaintiff,                                      Civil Action No. 21-12534
vs.                                                      HON. MARK A. GOLDSMITH

CORIZON, et al.,

        Defendants.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 28), (2) ADOPTING THE
RECOMMENDATION CONTAINED IN THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION (R&R) (Dkt. 27), AND (3) GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Dkt. 16)**

Pro se Plaintiff Jim Williams asserts Eighth Amendment claims based on allegedly inadequate medical care that resulted in leg infections while he was incarcerated at Thumb Correctional Facility (TCF) in Lapeer, Michigan. In her R&R now before the Court (Dkt. 27), Magistrate Judge Patricia Morris recommends that this Court grant a summary judgment motion filed by Defendants Janet Nixon and Kathleen Wolowiec (Dkt. 16) on exhaustion grounds. Williams filed objections to the R&R (Dkt. 28). For the reasons that follow, the Court overrules Williams's objections and adopts the recommendation contained in the magistrate judge's R&R to grant the motion for summary judgment and dismiss the claims against Nixon and Wolowiec without prejudice.[1]

---

[1] Oral argument will not aid the Court's decisional process, so the issues will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2). The briefing also includes Williams's response to the motion for summary judgment (Dkt. 18), Defendants' reply (Dkt. 20), and Williams's sur-reply (Dkt. 22).

## I. BACKGROUND

Williams alleges that while he was incarcerated at TCF, Wolowiec, a registered nurse, and Nixon, a health unit manager, failed to provide him with medication recommended by an off-site specialist, resulting in infections of his leg. R&R at 2.

As the magistrate judge explains, Michigan Department of Corrections (MDOC) Policy Directive (P.D.) 03.02.130 sets forth a three-step administrative exhaustion process. Id. at 5. At Step I, an incarcerated person must first attempt to resolve the matter with the relevant staff member within two business days; if unable to resolve the matter, the incarcerated person must then file a grievance within five business days. Id. If the incarcerated person is not satisfied with the disposition of that grievance or does not receive a response within ten days of the Step I deadline, they may file a Step II grievance. Id. If the individual is not satisfied with the disposition of the Step II grievance or does not receive a response within ten days of the Step II deadline, they may file a Step III grievance. Id. In order to exhaust a claim against a particular individual, that individual must be named in the Step I grievance. Id. (citing P.D. 03.02.130, ¶ S).

Wolowiec and Nixon have moved for summary judgment, arguing that Williams failed to properly exhaust his claims against them under the Prison Litigation Reform Act (PLRA) of 1996, which prohibits prisoners from filing actions related to prison conditions under 42 U.S.C. § 1983 without first exhausting "such administrative remedies as are available." 42 U.S.C. § 1997e(a). Williams filed a Step I grievance setting forth his claims that the medical care he received while incarcerated resulted in a leg infection, but this grievance did not name either Nixon or Wolowiec. R&R at 5–6. Defendants also contend that Williams's grievance was rejected at Step III for untimeliness. Id. at 5.

The magistrate judge recommends granting summary judgment in Defendants' favor because "[w]hile Plaintiff's Step I submission . . . names three other health care providers involved in the events leading to the leg infection, it fails to name either Wolowiec or Nixon as required by P.D. 03.03.130, ¶ S." Id. at 7. "Nor does the Step I submission identify either Defendant by description or title sufficient 'to allow easy identification of the individuals being grieved.'" Id. (quoting Burton v. Kakani, No. 09-10893, 2009 WL 3101046, at *3 (E.D. Mich. Sept. 23, 2009)). As a result, "the submission cannot be construed to identify either of the current Defendants in any manner." Id.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified). Absent a specific objection, the issue is waived. Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). Additionally, any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

Williams appears to lodge three objections to the magistrate judge's R&R. First, he objects that he was not required to name Wolowiec or Nixon in his Step I grievance to properly exhaust his administrative remedies. Obj. at 1–2. Second, he objects that Defendants have conceded a fact question as to the timeliness of his Step III grievance, and he argues that issue should be submitted to the fact finder. Id. at 2. Third, Williams appears to object that even though he did not name

3

Defendants in his Step I grievance, he should be permitted to sue them as tortfeasors who, in conjunction with others, caused him an indivisible injury. Id. at 2–3.[2]

**A. Objection One: Identification of Defendants in Step I Grievance**

Williams argues that he was not required to identify Wolowiec and Nixon in his complaint to exhaust his administrative remedies. Obj. at 1–2 (citing Jones v. Bock, 549 U.S. 199, 218 (2007) (holding that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion," and that where "MDOC's procedures make no mention of naming particular officials, the [United States Court of Appeals for the] Sixth Circuit's rule imposing such a prerequisite to proper exhaustion [wa]s unwarranted")). He argues that if Defendants needed additional information about the incident, they could have "reject[ed] the grievance as not specific enough" or "investigate[d] the grievance and interview[ed] the complainant, as grievance rules provide." Id. (citing Calhoun v. Hill, No. 07-11613, 2008 WL 4344622 (E.D. Mich. Aug. 19, 2008) (report and recommendation), adopted in part and rejected in part, 2008 WL 4277171 (E.D. Mich. Sept. 17, 2008)).

The magistrate judge correctly explained, however, that exhaustion is mandatory under the PLRA and that proper exhaustion requires "'compliance with an agency's deadlines and other critical procedural rules . . . .'" R&R at 4 (quoting Woodford v. Ngo, 548 U.S. 81, 90 (2006)). Unlike the MDOC policy at issue in Jones v. Bock, P.D. 03.02.130 does require that an incarcerated plaintiff name each involved individual at Step I to properly exhaust. Id. at 5 (citing P.D. 03.02.130, ¶ S ("Dates, times, places, and names of all those involved in the issue being grieved are to be included)). Williams does not contest this reading of the MDOC policy directive,

---

[2] Williams purports to make only one objection (labeled "Objection #1", see Obj. at 1), but the Court understands him to be making three distinct arguments and addresses each one in turn.

4

nor does he argue that he identified Wolowiec or Nixon by name or in any other meaningful way in his Step I grievance.

As a result, Williams's first objection is overruled.

### B. Objection Two: Timeliness of Step III Grievance

Williams also appears to argue that because Defendants conceded that there is a question of fact related to the timeliness of his Step III grievance, that issue should be submitted to the trier of fact for resolution. Obj. at 2. The magistrate judge acknowledged Defendants' concession that a question of fact exists as to Williams's Step III grievance, but she recommended Defendants' motion for summary judgment be granted because Williams failed to exhaust as to Wolowiec and Nixon at Step I. R&R at 6–8. Williams has not—and cannot—point to any flaw in this reasoning.

Williams's second objection is overruled.

### C. Objection Three: Ability to Sue Tortfeasor for Indivisible Injury

Finally, Williams argues that "even if the Defendants[] were not named directly . . . 'the common law allows [] an injured party to sue a tortfeasor for the full amount of damages for an indivisible injury that the tortfeasor[']s negligence was a substantial factor in causing, even if the concurrent negligence [of] others contributed to the incident.'" Obj. at 2 (quoting Weeks v. Chaboudy, 984 F.2d 185, 188 (6th Cir. 1993)). This may be a correct statement of a principle of common law, but it has no bearing on Williams's § 1983 claim and his obligation to exhaust administrative remedies under the PLRA. See Porter v. Nussle, 534 U.S. 516, 532 (2002) (the PLRA's exhaustion requirement is mandatory in all prisoner suits about prison life).

Williams's third objection is overruled.

5

## III. CONCLUSION

For the foregoing reasons, this Court overrules Williams's objections (Dkt. 28), adopts the recommendation contained in the magistrate judge's R&R (Dkt. 27), grants Defendants' motion for summary judgment on exhaustion grounds (Dkt. 16), and dismisses the claims against Wolowiec and Nixon without prejudice.

SO ORDERED.

Dated: March 30, 2023  s/Mark A. Goldsmith
 Detroit, Michigan MARK A. GOLDSMITH
 United States District Judge